Scott E. Davis, OSB No. 022883
scott.davis@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Tel. 503-595-5300

Tammy J. Dunn, *pro hac vice* forthcoming
Dunn@obwbip.com
Peter C. Schechter, *pro hac vice* forthcoming
Schechter@obwbip.com
Lisa Margonis, *pro hac vice* forthcoming
Margonis@obwbip.com
Califf T. Cooper *pro hac vice* forthcoming
Cooper@obwbip.com
OSHA BERGMAN WATANABE & BURTON LLP
909 Fannin Street, Suite 3500
Houston, Texas 77010
Tel. 713.228.8600

*Attorneys for Plaintiff*
NOVOLUTO GMBH

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **NOVOLUTO GMBH**, a German company, | Civil Case No.: 6:20-cv-02284 |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| **UCCELLINI LLC** D/B/A **LORA DICARLO**, an Oregon limited liability company, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff, Novoluto GmbH ("Novoluto" or "Plaintiff"), for its complaint against Defendant,

Uccellini LLC d/b/a Lora DiCarlo ("LDC" or "Defendant"), alleges as follows:

COMPLAINT FOR PATENT INFRINGEMENT                    1

## INTRODUCTION

1.        This is a patent infringement case.  Novoluto owns U.S. Patent Nos. 9,937,097 ("the '097 Patent"), "Stimulation Device Having An Appendage," 9,849,061 ("the '061 Patent"), "Stimulation Device Having An Appendage," and 9,763,851 ("the '851 Patent"), "Stimulation Device" (collectively, the "Asserted Patents"), and has the right to enforce these patents against infringers.

2.        Defendant has directly and indirectly infringed one or more claims of the Asserted Patents. Defendant's direct infringement includes making, using, selling, offering to sell, and/or importing stimulation devices such as the devices referred to as Osé, Osé 2, and Baci (the "Accused Products").

## THE PARTIES

3.        Plaintiff Novoluto is a company organized and existing under the laws of Germany, with a principal place of business at Friedenstraße 91-91a, 10249 Berlin, Germany.

4.        Defendant LDC is a corporation organized and existing under the laws of Oregon, with a principal place of business in Bend, Oregon.

## JURISDICTION AND VENUE

5.        This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

6.        This Court has personal jurisdiction over Defendant because, *inter alia*, it resides in the State of Oregon, is an entity organized under the laws of the State of Oregon, has its principal place of business in this District and within the Eugene Division, regularly conducts business in this District and within the Eugene Division, and continues to commit acts of patent infringement in this District and within the Eugene Division, including by making, using, offering to sell, and/or

COMPLAINT FOR PATENT INFRINGEMENT                                              2

selling products that infringe the Asserted Patents within this District and within the Eugene Division.

7.      Venue is proper in the District of Oregon and within the Eugene Division pursuant to 28 U.S.C. § 1400(b) because Defendant has committed and continues to commit acts of patent infringement and has its principal place of business in this District and within the Eugene Division.

## **BACKGROUND**

8.      The Asserted Patents describe the first sexual stimulation devices to use modulated positive and negative pressures with respect to a reference pressure to enhance sexual arousal.

9.      The '851 Patent is generally directed to a handheld sexual stimulation device with various components and features, including an opening through which modulated positive and negative pressures can be applied to female erogenous zones, particularly the clitoris.  The '097 and '061 Patents are also generally directed to handheld sexual stimulation devices that, among other features, include an opening through which modulated positive and negative pressures can be applied to female erogenous zones, particularly the clitoris, as well as a vaginal dildo appendage.

10.      The commercial embodiments of the '851, '097, and '061 Patents are branded under the originally German name, "Womanizer®", a name given by the German inventor, inspired by the idea that the invention would revolutionize sexual arousal for women.  Translated to English, the name bears unfortunate colloquial negative connotations that have been noted by various commentators; however, due to the product's patented features, the products experienced such rapid success that a name change in the United States became impractical.  The commercial embodiments of the '851 Patent include, among others, the "Classic," "Premium," "Starlet," "Pro," "InsideOut," and "Duo" products.  The commercial embodiments of the '097 and '061 Patents are

the "InsideOut" and "Duo" products.  The authorized embodiments of one or more of the Asserted Patents hereinafter are collectively identified as "Commercial Embodiments".  The Commercial Embodiments have been described as "an entirely new type of sex toy," "totally unique," and "nothing short of perfection."

11.     After Novoluto filed the applications that led to the Asserted Patents and launched the first commercial embodiments, the industry saw an influx of devices attempting to capitalize on the innovative technology disclosed in the Asserted Patents, including Defendant's Osé, Osé 2, and Baci products.

12.     On information and belief, Defendant has been aware of the Asserted Patents and the Commercial Embodiments since before the commercial release of Defendant's first product (called "Osé"), and no later than January 2019.

13.     In January 2019, Defendant through its officers, including Doug Layman and Lora Haddock, corresponded and met with employees of the WOW Tech group of companies[1], and confirmed Defendant's knowledge of Plaintiff's patents and familiarity with the associated commercial embodiment product lines.

14.     Defendant's first product, "Osé", is a handheld sexual stimulation device that includes, among other features, an opening through which modulated positive and negative pressures are applied to the clitoris, as well as a vaginal dildo appendage.

15.     Defendant commercially released the Osé product in late 2019.

---

[1] The WOW Tech group includes Plaintiff Novoluto GmbH, the owner of the patents-in-suit, and the companies responsible for manufacturing and selling the Commercial Embodiments, and who own the associated brands.

COMPLAINT FOR PATENT INFRINGEMENT                                    4

16.    Later in 2020, Defendant commercially released Baci (essentially the same product as Osé, but without the vaginal dildo appendage) and Osé 2 (a subsequent version of the Osé) for sale in the United States.

17.    Evidencing Defendant's knowledge of the Asserted Patents, on or about June 15, 2020, it sent a notarized letter signed by its General Counsel to various retailers and distributors in the industry, stating:

> LDC's engineering department is constantly monitoring new and existing patents in the field. The LDC engineering and manufacturing teams have evaluated more than 30 publicly available patents for sexual pleasure devices in the USA and Europe, including all known patents from Novoluto GMBH (WOW)…to determine whether they are in conflict with any existing or planned LDC product.

Exhibit 11.

18.    Despite LDC's assurances to the industry that its products are not "in conflict with" any patents, including Novoluto's, each of Defendant's Osé, Osé 2, and Baci products includes each and every limitation of at least one claim of one or more of the Asserted Patents and, therefore, infringes.

19.    Defendant has recently become more aggressive in comparing its infringing products to the Commercial Embodiments. For example, in or around September 2020, Defendant posted an article on its webpage titled *Osé 2 vs. Womanizer Duo – Find Out Which Is Right For You* (attached as Exhibit 12), admitting that "[i]n some ways, the Womanizer Duo is similar to Osé 2" and that "both toys stimulate the clitoris." None of the alleged distinctions between the Accused Products and the authorized commercial embodiment in this article is relevant to infringement of the Asserted Patents.

20.    On information and belief, Defendant uses words such as "micro robotics" and "biomimicry" to try to differentiate its products from the Asserted Patents and associated

COMPLAINT FOR PATENT INFRINGEMENT                                        5

Commercial Embodiments; however, these alleged distinctions are not relevant to the claims of the Asserted Patents and cannot establish non-infringement.

21.    Defendant also has recently added actress and model Cara Delevingne to its ownership roster, on information and belief, to add media attention to the Accused Products to further increase infringing sales.

22.    As explained in more detail below and in the associated claim charts included with this complaint (Exhibits 4-10), the Accused Products and Defendant infringe the Asserted Patents.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 9,763,851**

23.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

24.    The '851 Patent is titled "Stimulation Device."  On September 19, 2017, the '851 Patent was duly and legally issued by the U.S. Patent and Trademark Office (USPTO).  Novoluto is the assignee of the entire right, title, and interest in and to the '851 Patent, including all rights to enforce this patent against infringers.  A true and correct copy of the '851 Patent is attached as Exhibit 1.

25.    Defendant has infringed at least claim 1 of the '851 Patent at least by making, using, selling, offering to sell, and/or importing stimulation devices, such as the devices referred to as Osé, which on information and belief has been replaced with Osé 2, available at https://www.loradicarlo.com/ose2, and Baci, available at https://www.loradicarlo.com/baci, in the United States.

26.    Each of the Accused Products, Osé, Osé 2, and Baci, directly infringes at least claim 1 of the '851 Patent under 35 U.S.C. § 271(a), as shown in the claim charts attached as Exhibits 4-6.

COMPLAINT FOR PATENT INFRINGEMENT                                    6

27.    On information and belief, Defendant has had knowledge of the '851 Patent since at least as early as January 2019.

28.    Defendant also provides its customers with instructions and training, including user manuals, product tutorials, product guides, and wellness coaching, that teach, recommend and induce the infringing use and operation of the Accused Products in the United States.

29.    On information and belief, Defendant is aware that use and operation of the Accused Products in the United States by Defendant or its customers would directly infringe the '851 Patent.

30.    On information and belief, Defendant, with knowledge of the '851 Patent, encourages distributors and retailers to sell the Accused Products and specifically educates distributors and retailers on the infringing use and operation of the Accused Products in the United States.

31.    On information and belief, Defendant aids and abets its customers' direct infringement of the '851 Patent with knowledge that use of the Accused Products in the United States directly infringes the '851 Patent.

32.    Defendant's actions actively induce infringement of the '851 Patent.  Accordingly, Defendant is also liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

33.    Novoluto has been damaged as a result of Defendant's infringing conduct.  Thus, Defendant is liable to Novoluto in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34.    On information and belief, Defendant's infringement of the '851 Patent has been willful at least because despite being aware of the '851 Patent at least as early as January 2019,

COMPLAINT FOR PATENT INFRINGEMENT                                                    7

and being aware of the similarities between the Accused Products and the Commercial Embodiments, such infringing conduct continues in conscious disregard of Novoluto's rights in the '851 Patent.

35.    Novoluto has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for Defendant's infringement of the '851 Patent.

**COUNT II:**
**INFRINGEMENT OF U.S. PATENT NO. US 9,849,061**

36.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

37.    The '061 Patent is titled "Stimulation Device Having An Appendage."  On December 26, 2017, the '061 Patent was duly and legally issued by the USPTO.  Novoluto is the assignee of the entire right, title, and interest in and to the '061 Patent, including all rights to enforce this patent against infringers.  A true and correct copy of the '061 Patent is attached as Exhibit 2.

38.    Defendant has infringed at least claim 1 of the '061 Patent at least by making, using, selling, offering to sell, and/or importing stimulation devices such as the devices referred to as Osé and Osé 2 in the United States.

39.    Osé and Osé 2 directly infringe, e.g., when used, at least claims 1 and 21 of the '061 Patent, under 35 U.S.C. § 271(a).  Representative claim charts showing infringement of claim 1 of the '061 Patent are attached as Exhibits 7 and 8.

40.    On information and belief, Defendant has had knowledge of the '061 Patent since at least as early as January 2019.

COMPLAINT FOR PATENT INFRINGEMENT                                    8

41.    Defendant also provides its customers with instructions and training, including user manuals, product tutorials, product guides, and wellness coaching, that teach, recommend and induce the infringing use and operation of the Accused Products in the United States.

42.    On information and belief, Defendant is aware that use and operation of the Accused Products in the United States by Defendant or its customers directly infringes the '061 Patent.

43.    On information and belief, Defendant, with knowledge of the '061 Patent, encourages distributors and retailers to sell the Accused Products and specifically educates distributors and retailers on the infringing use and operation of the Osé and Osé 2 products in the United States.

44.    On information and belief, Defendant aids and abets its customers' direct infringement of the '061 Patent with knowledge that use of the Osé and Osé 2 products in the United States directly infringes the '061 Patent.

45.    Defendant's actions actively induce infringement of the '061 Patent.  Accordingly, Defendant is also liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

46.    In addition, Osé and Osé 2 are each configured only for infringing use as a sexual stimulation device, as shown in the claim charts attached as Exhibits 7 and 8.

47.    Osé and Osé 2 are not staple articles of commerce.

48.    Osé and Osé 2 are not suitable for substantial non-infringing use.

49.    The use of Osé and Osé 2 by Defendant's customers in the United States constitutes direct infringement of the '061 Patent.

50.    On information and belief, Defendant knows that Osé and Osé 2 are not staple articles of commerce, are not suitable for substantial non-infringing use, and are especially made

or adapted for use in a manner that infringes Novoluto's patent rights associated with the '061 Patent.

51.    Defendant has sold Osé and Osé 2 to its customers, and continues to sell Osé 2, with the intent that its customers will use and operate Osé and Osé 2 in the United States in a manner that infringes the '061 Patent, as Osé and Osé 2 are configured only for infringing use of the '061 Patent.

52.    Defendant is also aware, on information and belief, that use and operation of the Osé and Osé 2 in the United States by Defendant or its customers directly infringes the '061 Patent.

53.    Defendant's above-described actions therefore also constitute contributory infringement of the '061 Patent under 35 U.S.C. § 271(c).

54.    Novoluto has been damaged as a result of the infringing conduct by Defendant. Thus, Defendant is liable to Novoluto in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

55.    On information and belief, Defendant's infringement of the '061 Patent has been willful at least because despite being aware of the '061 Patent at least as early as January 2019 and being aware of the similarities between the Osé and Osé 2 products and the Commercial Embodiments, such infringing conduct continues in conscious disregard of Novoluto's rights in the '061 Patent.

56.    Novoluto has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for Defendant's infringement of the '061 Patent.

## COUNT III:
## INFRINGEMENT OF U.S. PATENT NO. 9,937,097

57.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

58.     The '097 Patent is titled "Stimulation Device Having An Appendage."  On April 10, 2018, the '097 Patent was duly and legally issued by the USPTO.  Novoluto is the assignee of the entire right, title, and interest in and to the '097 Patent, including all rights to enforce this patent against infringers.  A true and correct copy of the '097 Patent is attached as Exhibit 3.

59.     Defendant has infringed at least claim 1 of the '097 Patent at least by making, using, selling, offering to sell, and/or importing stimulation devices such as the devices referred to as Osé and Osé 2 in the United States.

60.     Osé and Osé 2 directly infringe, e.g., when used, at least claims 1 and 26 of the '097 Patent.  Representative claim charts showing infringement of claim 1 of the '097 Patent are attached as Exhibits 9 and 10.

61.     On information and belief, Defendant has had knowledge of the '097 Patent since at least as early as January 2019.

62.     Defendant also provides its customer with instructions and training, including user manuals, product tutorials, product guides, and wellness coaching, that teach, recommend and induce the infringing use and operation of the Accused Products in the United States.

63.     On information and belief, Defendant is aware that use and operation of the Accused Products in the United States by Defendant or its customers directly infringes the '097 Patent.

64.     On information and belief, Defendant, with knowledge of the '097 Patent, encourages distributors and retailers to sell the Accused Products and specifically educates

distributors and retailers on the infringing use and operation of the Osé and Osé 2 products in the United States.

65.    On information and belief, Defendant aids and abets its customers' direct infringement of the '097 Patent with knowledge that use of the Osé and Osé 2 products in the United States directly infringes the '097 Patent.

66.    Defendant's actions actively induce infringement of the '097 Patent. Accordingly, Defendant is also liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

67.    In addition, Osé and Osé 2 are each configured only for infringing use as a sexual stimulation device, as shown in the claim charts attached as Exhibits 9 and 10.

68.    Osé and Osé 2 are not staple articles of commerce.

69.    Osé and Osé 2 are not suitable for substantial non-infringing use.

70.    The use of Osé and Osé 2 by Defendant's customers in the United States constitutes direct infringement of the '097 Patent.

71.    On information and belief, Defendant knows Osé and Osé 2 are not staple articles of commerce, are not suitable for substantial non-infringing use, and are especially made or adapted for use in a manner that infringes Novoluto's patent rights associated with the '097 Patent.

72.    Defendant is also aware, on information and belief, that use and operation of the Osé and Osé 2 in the United States by Defendant or its customers directly infringes the '097 Patent.

73.    Defendant has sold Osé and Osé 2 to its customers, and continues to sell Osé 2, with the intent that its customers will use and operate Osé and Osé 2 in the United States in a manner that infringes the '097 Patent, as Osé and Osé 2 are configured only for infringing use of the '097 Patent.

74.    Defendant's above-described actions therefore also constitute contributory

infringement of the '061 Patent under 35 U.S.C. § 271(c).

75.     Novoluto has been damaged as a result of the infringing conduct by Defendant. Thus, Defendant is liable to Novoluto in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

76.     On information and belief, Defendant's infringement of the '097 Patent has been willful at least because despite being aware of the '097 Patent at least as early as January 2019 and being aware of the similarities between the Osé  and Osé 2 and the Commercial Embodiments, such infringing conduct continues in conscious disregard of Novoluto's rights in the '097 Patent.

77.     Novoluto has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for Defendant's infringement of the '097 Patent.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable as of right by a jury.

## **PRAYER FOR RELIEF**

Novoluto requests that the Court find in its favor and against Defendant, and that the Court grant Novoluto the following relief:

A.     Judgment that one or more claims of each of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B.     Judgment that Defendant's infringement has been willful;

C.     A permanent injunction enjoining Defendant and its officers, directors, agents, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from the infringement of the Asserted Patents; or, in the alternative, an award of ongoing damages for future infringement.

D.    Judgment that Defendant account for and pay to Novoluto all damages to and costs incurred by Novoluto because of Defendant's infringing activities and other conduct complained of herein, including an award of all increased damages to which Novoluto is entitled under 35 U.S.C. § 284;

E.    That Novoluto be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

F.    That this Court declare this an exceptional case and award Novoluto its reasonably attorney's fees and costs in accordance with 35 U.S.C. § 285; and

G.    That Novoluto be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED December 31, 2020.

Respectfully submitted,

By:  *s/Scott E. Davis*
Scott E. Davis, OSB No. 022883
scott.davis@klarquist.com
KLARQUIST SPARKMAN, LLP

Tammy J. Dunn, *pro hac vice* forthcoming
Dunn@obwbip.com
Peter C. Schechter, *pro hac vice* forthcoming
Schechter@obwbip.com
Lisa Margonis, *pro hac vice* forthcoming
Margonis@obwbip.com
Califf T. Cooper *pro hac vice* forthcoming
Cooper@obwbip.com
OSHA BERGMAN WATANABE & BURTON LLP

*Attorneys for Plaintiff*
NOVOLUTO GMBH