UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NOVOLUTO GMBH, a German company | Case No. 6:20-cv-02284-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| UCCELLINI LLC D/B/A LORA DICARLO, an Oregon limited liability company, | |
| Defendant. | |

**Kasubhai,** United States Magistrate Judge:

In this patent case, Plaintiff Novoluto GMBH ("Novoluto") sued Defendant Uccellini LLC ("Uccellini") alleging infringement of U.S. Patent No. 9,937, 097 (the "097 patent"), 9,849, 061 (the "061 patent"), 9,763,851 (the "851 patent"; collectively the "Asserted Patents"). *See* Compl. ¶ 1, ECF No. 1. This matter comes before the Court on Uccellini's motion for a stay pending the outcome of *Inter Partes* Review ("IPR") proceedings. ECF No. 16. Novoluto does not oppose the stay, but asks the court to impose certain conditions on the effect of the IPR proceedings. ECF No. 19.

### BACKGROUND

Novoluto and Uccellini are direct competitors. Novoluto is a German company with its principal place of business in Berlin, Germany. Uccellini is an American corporation with its

principal place of business in Oregon. The three Asserted Patents relate to a sexual stimulation device: the '851 patent, titled "Stimulation Device," was issued on September 19, 2017; the '061 patent, titled "Stimulation Device Having An Appendage," was issued on December 26, 2017; and the '097 patent, titled "Stimulation Device Having An Appendage" was issued on April 10, 2018.

In July and October 2019, a defendant in another patent infringement action brought by Novoluto, filed for an IPR review to challenge the validity of the '097, '851, and '061 patents, respectively. Defendant Uccellini was not a party to these IPR filings. The Patent Trial and Appeal Board ("PTAB") has granted institution for each of the listed patents, based on a finding that the IPR petitioner has shown a "reasonable likelihood" of prevailing on the unpatentability of at least one challenged claim. Based on the schedules in place, oral argument in the '097 patent began in March 2021, and the oral arguments for the '851 and '061 patents begin in May 2021. The statutory deadlines for completion of the IPR challenges occur between June and September 2021.

On February 22, 2021, Defendant moved for stay pending completion of the IPR proceedings. ECF No. 16. On March 5, 2021, Plaintiff filed a response indicating they did not oppose a stay but asked the court to enter the following conditions:

> 1. The stay would be in effect until the last of the [Final Written Decisions] issues in the [IPR proceedings], and the Parties would revisit whether to continue the stay with the Court at that time;
>
> 2. Defendant Uccellini LLC d/b/a Lora DiCarlo ("Lora DiCarlo") is bound by the FWDs as if it was a party to the pending IPRs, including that estoppel would become effective when the FWDs issue, subject to the modified scope of estoppel in the next paragraph; and,

> 3. Lora DiCarlo is estopped to the extent that Lora DiCarlo will not assert invalidity based on any of the prior art references that were raised in the pending IPRs.

Pl.'s Resp. to Def.'s Mot. Stay Pending IPR Review at 1, ECF No. 19 ("Pl.'s Resp").

## STANDARDS

### A. *Inter Partes* Review

The Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011) (codified in various sections of Title 35 of the United States Code) replaced the former *inter partes* reexamination proceeding with new IPR review proceedings. One of the goals of the new IPR proceeding is to "minimize duplicative efforts by increasing coordination between district court litigation and *inter partes* review." *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, 2015 WL 1809309, at *1 (C.D. Cal. Apr. 20, 2015).

Under the AIA, any "person who is not the owner of a patent may file with the [PTAB] a petition to institute an *inter partes* review of the patent." 35 U.S.C. § 311(a). Petitioners may then "request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." *Id.* § 311(b). Before it may institute IPR, the PTAB must determine that the petition presents "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." *Id.* § 314(a). If the IPR is instituted, the petitioner has the burden of proving lack of patentability by a preponderance of the evidence. *Id.* § 316(e).

After an IPR petition is filed, the patent owner may file a preliminary response "setting forth the reasons why no *inter partes* review should be instituted." 37 C.F.R. § 42.107(a). The preliminary response must be filed within three months after an IPR petition is filed. *Id.* The

patent owner may also choose to expedite the proceeding by waiving the preliminary response *Id.* § 42.107(b). The PTAB must then decide whether to institute IPR within three months from when the patent owner's preliminary response is due. 35 U.S.C. § 314(b). The PTAB must issue a final decision within one year from granting IPR, with the possibility of one six-month extension following a showing of good cause. *Id.* § 316(a)(11); *Id.* § 318(a). A dissatisfied party may appeal the PTAB's decision to the Court of Appeals for the Federal Circuit. *Id.* § 141(c). If the PTAB issues a final written decision and the time for appeal has expired or any appeal has terminated, the PTAB "shall issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable [and] confirming any claim of the patent determined to be patentable." *Id.* § 318(b).

IPR "may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of claim of patent." a petitioner's "counterclaim challenging the validity of a claim of a patent does not constitute [such an action]." *Id.* § 315(a)(1), (3). After the IPR concludes with a final written decision, the petitioner is estopped from asserting that a patent claim is invalid "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." *Id*. § 315(e).

**B. Motion to Stay**

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding how best to exercise this inherent power, the court "must weigh competing interests and maintain an even balance." *Id.* At 254-55.

District courts weigh three factors in considering whether to stay litigation pending an IPR review: "whether (1) discovery is complete and whether a trial has been set, (2) a stay will simplify the issues in question and trial of the case, and (3) a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Garmin Switz. GmBH v. FLIR Sys., Inc.*, No. 3:17-cv-01147-SB, 2017 WL 6543346, at *2. Courts also consider whether "the outcome of the reexamination [or IPR] would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination [or IPR], would eliminate the need to try the infringement issue." *Wonderland Nursery Goods*, 2015 WL 1809309, at *2 (quoting *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).

Courts apply a "liberal policy in favor of granting motions to stay proceedings pending the outcome of [IPR] proceedings." *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, 2012 WL 7170593, at *4 (C.D. Cal. Dec. 19, 2012). However, "the totality of the circumstances govern," *Wonderland Nursery Goods*, 2015 WL 1809309, at *2 (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. May 2, 2013)), and "a stay is never required." *Wonderland Nursery Goods,* 2015 WL 1809309, at *2. The decision to grant a stay falls within the court's discretion. *CANVS Corp. v. United States,* 118 Fed. Cl. 587, 591 (2014).

## DISCUSSION

### A. State of Litigation

The first factor the Court considers is "whether discovery is complete and whether a trial date has been set", essentially inquiring into the procedural status of the litigation. *Drink Tanks*, 2017 WL 2633389, at *6 (quoting *VirtualAgility Inc. v. Salesforce.com, Inc.,* 59 F.3d 1307, 1317

n.6 (Fed. Cir. 2014)). The procedural status of the litigation is analyzed from the date the motion to stay is filed. *VirtualAgility Inc. v. Salesforce.com, Inc.,* 759 F.3d 1307, 1316 (Fed. Cir. 2014). In addition, this factor will favor a stay pending an IPR challenge if the litigation is still in early stages. *Garmin Switz.,* 2017 WL 6543346, at *2.

In the present case, Defendant Uccellini has yet to file a responsive pleading to the Complaint. Further, discovery is not yet complete, and a scheduling conference has not yet been held. ECF No. 3. The Court finds this factor weighs in favor of granting a stay.

**B. Simplification of Issues**

In cases where the PTAB has already instituted, the IPR proceedings at issue "ordinarily means that there is a substantial likelihood of simplification of the district court litigation." *Garmin Switz.* 2017 WL 6453346, at *3. The PTAB's final written decision is likely to simplify the issues, regardless of the outcome of the IPR. *Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. 3:16-cv-410-SI, 2017 WL 2633389, at *5. The grant of *inter partes* review is a "highly significant factor in the courts' determination of whether to stay cases pending PTAB review." *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015). The fact that the IPR process will not eliminate the litigation completely is not determinative. *Garmin Switz.* 2017 WL 6543346, at *3. The court in *Garmin Switzerland* listed the following nonexhaustive benefits of the IPR:

> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
>
> 2. Many discovery problems relating to prior art can be alleviated by the PTO [proceeding].
>
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
>
> 4. The outcome of the [IPR] may encourage a settlement without

> the further use of the Court.
>
> 5. The record of [the IPR] would likely be entered at trial, thereby reducing the complexity and length of the litigation.
>
> 6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after [an IPR].
>
> 7. The cost will likely be reduced both for the parties and the Court.

*Id.*

In the present case, the PTAB has already instituted IPR and the final written decisions are to be filed within the next two to five months. The PTAB has concluded that there is a reasonable likelihood that the pending IPR challenges will prevail on at least one challenged claim. ECF No. 17. The Court finds a stay will simplify the issues in this case.

**C. Undue Prejudice or Tactical Disadvantage**

The third factor the Court must analyze is whether there will be undue prejudice or a tactical disadvantage on the part of the nonmoving party. *Garmin Switz.*, 2017 WL 6543346, at *2. In analyzing this factor, the Court considers whether the parties are direct competitors and the length of potential delay in the litigation due to the stay. *Id.* at *5. While a stay will inherently delay proceedings, that fact alone is "not sufficient to defeat a stay motion." *Id.* at *5. If the delay is "relatively short"—*e.g.*, "measured in months and not years"—such a minimal delay favors a stay. *Id.* If the parties are direct competitors, courts also consider whether the PTAB has already instituted an IPR and when the IPR will conclude. *Drink Tanks*, 2017 WL 2633389, at *4.

Plaintiff and Defendant are direct competitors in the same industry. ECF No. 19 at 4. However, the PTAB instituted IPR eight to ten months ago and is set to conclude in two to five months. ECF No. 16 at 7. Because the length of the potential delay is relatively short and the IPR is set to conclude in a few months, this factor weighs in favor of a stay.

### D. Estoppel

In cases in which the proponent of the motion is not a party to the IPR proceedings, courts have also considered whether the proponent should be estopped from raising invalidity grounds that it reasonably could have asserted if it were a party to the IPR.

In the present case, Novoluto does not oppose a stay, but instead argues that additional estoppel conditions be attached to the stay because Uccellini is not a party to the IPR petition. ECF No. 20. Novoluto asks the court to estop Uccellini from raising invalidity grounds raised in the IPRs so that Uccellini would be prevented from getting a "second bite" at the invalidity apple. *Id.*

Some district courts have required non-petitioner defendants to agree to the estoppel under Section 315(e) as a condition to a stay to prevent an undue tactical advantage. *See, e.g., Lighting Sci. Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co.*, 2017 WL 2633131, at *6 (N.D. Cal. June 19, 2017) ("the Court finds it proper to grant Jiawei's motion to stay, conditioned on Jiawei's stipulating to be bound by § 315(e)(2) estoppel as if it were a party to the IPR"). The Court declines to do so at this time. After the IPR proceedings have completed and the stay is lifted, however, the Court will entertain argument concerning whether to estop Uccellini from raising potential invalidity grounds.

## CONCLUSION

Defendant Uccellini motion to stay pending completion of *Inter Partes* review (ECF No. 65) is GRANTED. This case is STAYED. The parties shall file a joint status report not later than thirty days after the PTAB issues its final written decision in Nos. IPR2019-01444, IPR2019-01302, and IPR2020-00007.

DATED this 19th day of May 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
