Scott E. Davis, OSB No. 022883
scott.davis@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Tel. 503-595-5300

Tammy J. Terry, *pro hac vice*
Terry@obwbip.com
Peter C. Schechter, *pro hac vice*
Schechter@obwbip.com
Lisa Margonis, *pro hac vice*
Margonis@obwbip.com
Califf T. Cooper, *pro hac vice*
Cooper@obwbip.com
OSHA BERGMAN WATANABE & BURTON LLP
909 Fannin Street, Suite 3500
Houston, Texas 77010
Tel. 713-228-8600

*Attorneys for Plaintiff*
NOVOLUTO GMBH

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **NOVOLUTO GMBH**, a German company, | Civil Case No.: 6:20-cv-02284-MK |
| Plaintiff,<br><br>v. | **JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |
| **UCCELLINI LLC** D/B/A **LORA DICARLO**, an Oregon limited liability company, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Pursuant to Rule 26(f), Fed. R. Civ. P., counsel for Plaintiff Novoluto GmbH ("Novoluto," "Plaintiff," or "Patentee") and counsel for Uccellini LLC d/b/a Lora DiCarlo ("Lora DiCarlo," "Defendant," or "Accused Infringer") held an initial Rule 26(f) conference on November 29, 2021 to discuss their respective views on how discovery should proceed in this action. Novoluto and

JOINT DISCOVERY PLAN                                                                                     1

Lora DiCarlo (collectively, the "Parties") submit this Proposed Discovery Plan in accordance with the Court's Scheduling Order issued on October 26, 2021, (Doc. No. 25) and Local Rule 26-1.

## I.     CONSENT TO TRIAL BY MAGISTRATE JUDGE

The Parties have not both consented to have a United States Magistrate Judge conduct any and all proceedings in this case.

## II.    FED R. CIV. P. 26(F)(3)(A) – INITIAL DISCLOSURES

The Parties do not request changes in the form or requirement for disclosures under Fed. R. Civ. P. 26(a)(1)(A).  The Parties agree to exchange Initial Disclosures by **January 11, 2022**.

## III.   FED R. CIV. P. 26(F)(3)(B) – SUBJECTS AND TIMING OF DISCOVERY

The Parties agree to the joint proposed schedule set forth below.

The Parties agree to an early exchange of core patent related documents and disclosures, to the extent set out in the more detailed discussion below.

The Parties have discussed the accused products and core technical documents and have agreed to address these issues early on as outlined in the proposed schedule below.

The Parties have agreed that if a party supplements its patent-related disclosures, then the other party's responsive disclosure, if any, will be due within 30 days of service of the supplemented disclosure.

## IV.    FED R. CIV. P. 26(F)(3)(C) – ELECTRONICALLY STORED INFORMATION

The Parties agree that the United States District Court for District of Oregon E-Discovery Model Order for Patent Cases (LR 26-6) is applicable to this case, and plan in the near future to propose an E-Discovery order incorporating that Model Order with minor modifications jointly made by the Parties, to supplement all other discovery rules and orders.

The Parties discussed each of the issues listed in LR 26-1 during the initial discovery conference.  Plaintiff designates Jason Tucker, a litigation paralegal at Osha Bergman Watanabe & Burton, as its ESI Liaison.  Defendant designates Sean Moore, a litigation paralegal at Stoel Rives, as its ESI Liaison.  Both parties have sent litigation hold notices.

## V.    FED. R. CIV. P. 26(F)(3)(D) – CONFIDENTIALITY AND PRIVILEGE ISSUES

The Parties agree on a procedure to assert claims of privilege and/or work product protection after production and plan to submit in the near future a proposed Protective Order, modeled after the District of Oregon's Model Two-Tier Protective Order, that includes a paragraph addressing the procedure for asserting claims of privilege and/or work product protection after inadvertent production.

The Parties agree that information concerning documents or things otherwise protected by the attorney-client privilege, work product doctrine, or other privilege or protection ("Privileged Materials") shall be listed on a withheld document log in accordance with Fed. R. Civ. P. Rule 26(b)(5)(A), except that the Parties are not required to log Privileged Materials that were created on or after the filing date of the complaint in this litigation, December 31, 2020.

Plaintiff's Position:  Plaintiff proposes that the parties not be required to log Privileged Materials consisting of emails that were received by or authored by, or at the direction of, a party's outside counsel and that relate to the patents in suit or this litigation. Plaintiff asserted the same patents against others and defended *inter partes* review proceedings before this lawsuit was filed. It serves no purpose to log all privileged and work product documents related to other proceedings and the asserted patents that were generated prior to the filing of this case. Plaintiff is amenable to logging privileged materials generated before any litigation or *inter partes* proceeding relating to the asserted patents.

JOINT DISCOVERY PLAN                                                                                    3

Defendant's Position:  Defendant does not believe the above language is appropriate, as it sweeps too broadly in light of the parties' agreement not to log any Privilged Materials created on or after the filing date of the complaint.  Defendant believes that all Privileged Materials dating from before the filing date of the complaint should be logged to allow the parties to assess one another's assertions of privilege in such documents and information.

## VI.      ALTERNATIVE DISPUTE RESOLUTION

The Parties have not had settlement discussions yet because the case was, until recently, stayed.

The Parties have discussed Alternative Dispute Resolution pursuant to L.R. 16-4(d) and propose that ADR may be helpful at a later date.

## VII.      FED. R. CIV. P. 26(F)(3)(E) – DISCOVERY LIMITATIONS AND PROCEDURES

Other than the agreements set forth below, the Parties do not presently believe any changes should be made to the limitations on discovery beyond those imposed under the Federal Rules of Civil Procedure and the Local Rules, including, for example, Rules 26, 33, 34, and 36.

### A.      AGREEMENTS:

#### 1.      SCHEDULING OF DEPOSITIONS AND OTHER EVENTS

The Parties understand there is a 9-hour time difference between the time zones where this litigation is pending and where Plaintiff's principals are located.  To the extent practical, the parties agree to cooperate in scheduling depositions and other events that would require remote participation by individuals residing outside the United States at times of the day that are reasonable for all participants.

JOINT DISCOVERY PLAN                                                                                          4

## 2.    DEPOSITIONS

The Parties agree to disclose the names of their respective Fed. R. Civ. P. 30(b)(6) witnesses and their designated topics at least seven calendar days before the date of the deposition, or 14 calendar days after service of a Rule 30(b)(6) deposition notice, whichever is later.

The Parties agree that objections related to Fed. R. Civ. P. 30(b)(6) topics or designated witnesses may be resolved, after appropriate conferral, by seeking informal resolution via the procedure described on Judge Kasubhai's website prior to the deposition.

The Parties agree to email service of all documents served but not filed in this case. The Parties agree and understand that documents filed using the Court's CM/ECF system are automatically electronically served to all counsel of record using the Court's CM/ECF system.

## 3.    PATENTEE'S DISCLOSURE OF ACCUSED PRODUCTS AND ASSERTED CLAIMS

By **January 4, 2022**, the Patentee shall:

(a)    Identify each patent and each asserted claim that is allegedly infringed by each opposing party;

(b)    For each asserted claim, identify the accused product of each opposing party of which the patentee is aware. This identification shall be as specific as possible. Plaintiff shall identify each accused product by name or model number, if known;

(c)    Identify its damages model;

(d)    Identify the earliest claimed priority date for each claim; and

(c)    Produce the file history for each asserted patent.

### 4.    ACCUSED INFRINGER'S PRODUCTION OF CORE TECHNICAL DOCUMENTS

By **February 1, 2022**, the Accused Infringer shall:

(a)    Produce core technical documents related to the accused product(s), meaning documents sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available documents;

(b)    Produce sales figures for the accused products.

### 5.    PATENTEE'S DISCLOSURE OF INFRINGEMENT CONTENTIONS

By **March 1, 2022**, the Patentee shall produce an initial claim chart identifying specifically where each element of each asserted patent claim is found within each accused product, identifying each element for which infringement by equivalents is asserted (and for each such element the asserted function/way/result or other basis for infringement by equivalents), and if the alleged direct infringement is based on joint acts of multiple parties, identifying the role of each such party in the direct infringement.

### 6.    DEADLINE TO AMEND PLEADINGS AND/OR JOIN PARTIES

All motions to amend or supplement the pleadings or to join other parties shall be filed on or before **March 22, 2022**.

### 7.    ACCUSED INFRINGER'S DISCLOSURE OF NON-INFRINGEMENT CONTENTIONS

By **April 15, 2022**, the Accused Infringer shall produce their initial non-infringement contentions, which shall explain the factual basis for any allegation that it does not infringe the patent-in-suit either literally or under the doctrine of equivalents, including identifying what claim limitations that it believes are not present in the accused products and, with respect to any elements for which infringement by equivalents was asserted and explained in Patentee's infringement contentions, why an equivalent is not present.

JOINT DISCOVERY PLAN                                                                                          6

**8.    ACCUSED INFRINGER'S DISCLOSURE OF INVALIDITY CONTENTIONS**

By **April 15, 2022**, the Accused Infringer shall disclose in chart form its initial invalidity contentions for each asserted claim and shall produce all known prior art references that the Accused Infringer contends are pertinent to any allegation of invalidity.

**9.    PATENTEE'S VALIDITY CONTENTIONS (IF ORDERED)**

Plaintiff's Position:  Plaintiff believes validity contentions responding to invalidity contentions do not contribute to narrowing issues in dispute, and instead add unnecessary work that adds little value to the case. In any event, such contentions are not typically required in jurisdictions with patent local rules and there is no good reason to require them here where the asserted patents have been duly issued and survived post grant review by the Patent Office. To the extent that Defendant seeks relevant and discoverable information, interrogatories of the scope permitted by the Federal Rules of Civil Procedure and LR 33-1 may be posed. As framed, Defendant's attempt to impose a requirement for 'validity contentions' for patents that are by statute presumed valid, *see* 35 U.S.C. § 282(a), not only creates unnecessary work but also purports to impose obligations inconsistent with applicable law and this Court's Local Rules prohibiting "[b]road general interrogatories, such as those that ask an opposing party to 'state all facts on which a claim or defense is based' . . ." LR 33-1(d). For at least these reasons, Plaintiff does not believe a deadline for validity contentions should be included in the proposed schedule.

Defendant's Position:  Plaintiff requested that Defendant provide non-infringement contentions responding to Plaintiff's infringement contentions and identifying aspects of those contentions with which Defendant disagrees to help narrow the issues in dispute, and Defendant agreed to do so.  For the same reasons, Plaintiff should provide contentions responding to, and identifying any areas of disagreement with, Defendant's invaldity contentions.  Plaintiff argues that Defendant can obtain the same information by using a series of its limited interrogatories to

JOINT DISCOVERY PLAN                                                                                          7

discover Plaintiff's responses to Defendant's invalidity contentions.  If this approach is adopted, Plaintiff should likewise be required to discover Defendant's non-infringemnt contentions by serving a series of interrogatories and there should also be no non-infringement contentions. Defendant proposes that responsive contentions from both parties is the more efficient approach.

Defendant's Proposed Text for Scheduling Order:  By **April 29, 2022**, the Patentee shall produce its initial validity contentions, which shall respond to Accused Infringer's invalidity contentions by explaining the factual basis for any allegation that the patent claims are not invalid for the reasons set out in the invalidity contentions, including identifying what claim limitations it believes are not present in the prior art and any objective indicia of non-obviousness asserted by Patentee.

### 10.    DEADLINE FOR AMENDING CONTENTIONS

Each party shall seasonably amend any infringement, invalidity, validity (if ordered), or non-infringement contention in accordance with Rule 26(e) of the Federal Rules of Civil Procedure upon learning that the contention is incomplete or incorrect.  The Parties should conduct timely discovery so that these contentions can be updated as soon as possible.  Any amendment to a party's infringement, invalidity, validity (if ordered), or non-infringement contentions, or other pleading, that is necessary due to the Court's claim interpretation ruling, must be timely made but except upon motion and for good cause shown, no later than the dates for final contentions set out in the scheduling order.

### 11.    CLAIM CONSTRUCTION

The following procedures will govern resolution of claim construction issues in this case:

a)    **INITIAL IDENTIFICATION OF PROPOSED CLAIM TERMS**

By **May 13, 2022**, the Parties shall exchange disclosures identifying what claim terms each side believes may need to be interpreted by the Court, if any.

b)    **CONFERENCE BETWEEN PARTIES REGARDING DISPUTED CLAIM TERMS**

By **May 20, 2022**, the Parties shall meet and confer to discuss proposed claim terms and determine whether the Parties have any areas of agreement on the proposed claim terms and to identify claim terms that will be disputed.

c)    **PRELIMINARY CLAIM CONSTRUCTIONS AND EXTRINSIC EVIDENCE**

On **June 3, 2022**, the Parties shall exchange, but not file, a chart or table that lists for each disputed claim term the party's proposed interpretation of the disputed claim term along with citations to the intrinsic and extrinsic evidence (e.g., patent, prosecution history, dictionary definitions, etc.) that supports its interpretation along with a summary of any testimony that is expected to be offered to support that interpretation, and a report of any expert expected to offer expert testimony in support of claim construction.

d)    **FINAL IDENTIFICATION OF DISPUTED CLAIM TERMS**

Within one week after exchanging the claim chart above (by **June 10, 2022**), the Parties shall confer again about the claim terms in dispute. At this meeting, the Parties shall attempt to narrow and finalize the claim terms that need to be interpreted by the Court.  If, at any time, the Parties

determine that a claim construction hearing is not necessary, they shall notify the Court in a timely matter. The Parties shall set forth separately the construction of those claim terms on which the Parties agree.

e)        **COMPLETION OF CLAIM CONSTRUCTION DISCOVERY**

By **July 1, 2022**, the Parties shall complete claim construction discovery, including depositions limited to claim construction issues of any fact witness or expert disclosed by the opposing party for purposes of claim construction. Taking a claim construction deposition shall not bar a party from subsequently deposing the same witness on other issues at a later stage of the case.

f)        **PARTIES' OPENING CLAIM CONSTRUCTION BRIEFS**

Plaintiff and Defendant shall file their respective opening claim construction briefs on or before **July 8, 2022**.

g)        **PARTIES' RESPONSE BRIEFS**

Plaintiff and Defendant shall file their responsive claim construction briefs on or before **July 22, 2022**.

h)        **CLAIM CONSTRUCTION CHART**

By **August 5, 2022**, Plaintiff shall prepare and serve a draft four-column claim interpretation chart in the following form, with disputed language in bold.

| Disputed Claim Term | Patentee's Proposed Construction | Accused Infringer's Proposed Construction | Court's Construction |
|---|---|---|---|
| 1. "Term 1" | | | |
| 2. "Term 2" | | | |

i)    **CLAIM CONSTRUCTION HEARING**

The parties request that the Court hold a claim construction hearing at the Court's convenience, following claim construction briefing.

## 12.    EXPERT DISCOVERY

Each party shall serve expert reports as required by Rule 26(a)(2), on issues where that party bears the burden of proof, by 13 weeks after the final claim construction ruling (by a district court judge); on issues where a party does not bear the burden of proof, rebuttal expert reports are due by 17 weeks after the final claim construction ruling .  Reply expert reports are due 19 weeks after the final claim construction ruling**.**  The expert discovery period (the time during which expert depositions can be taken) begins 19 weeks after the final claim construction ruling and ends 25 weeks after the final claim construction ruling.

## 13.    MOTIONS

All dispositive motions shall be filed by 25 weeks after the final claim construction ruling.

## 14.    PRETRIAL DEADLINES

The parties request that the Court set pretrial deadlines, including *Daubert* motions, as soon as reasonably practical at the Court's earliest convenience and discretion.

## 15.    TRIAL

The parties expect that trial will last 3-5 days.

Plaintiff's Position:   Plaintiff requests that a trial date be set at the Court's earliest convenience and discretion.

Defendant's Position:   Trial to be set at the Court's discretion.   Defendant suggests that setting trial dates after resolution of dispositive motions may allow the setting of a firmer trial date.

## 16. PROPOSED SCHEDULE

The Parties jointly request that the Court enter the following proposed schedule:

| Event | Joint Proposed Date |
|---|---|
| Rule 16 Conference | December 15, 2022 |
| Deadline to Confer on ADR (LR-16-3) | December 15, 2022 |
| Deadline for Parties' Exchange of Initial Disclosures | January 11, 2022 |
| Novoluto's Identification of Accused Products and Asserted Claims | January 4, 2022 |
| Uccellini's Production of Core Technical Documents | February 1, 2022 |
| Deadline for Joint ADR Report (LR 16-4) | February 15, 2022 |
| Novoluto's Initial Infringement Contentions | March 1, 2022 |
| Deadline to Amend Pleadings and Join Parties | March 22, 2022 |
| Uccellini's Initial Non-Infringement Contentions Due | April 15, 2022 |
| Uccellini's Initial Invalidity Contentions Due | April 15, 2022 |
| Novoluto's Initial Validity Contentions Due (*if ordered*) | April 29, 2022 |
| Deadline for Production of Opinions of Counsel Documents for Opinion of Counsel Defense (if applicable) | 2 weeks after claim construction ruling (by District Court judge) |
| Exchange of Proposed Terms for Claim Construction | May 13, 2022 |
| Parties to Meet and Confer Regarding Disputed Claim Terms | May 20, 2022 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | June 3, 2022 |
| Final Identification of Disputed Claim Terms | June 10, 2022 |
| Deadline to Complete Claim Construction Discovery | July 1, 2022 |
| Parties' Opening Claim Construction Briefs Due | July 8, 2022 |
| Parties' Answering Claim Construction Briefs Due | July 22, 2022 |
| Joint Claim Construction Chart Due | August 5, 2022 |
| Claim Construction Hearing | At Court's Convenience |
| Substantial Completion of Document Production to be Completed (to the extent requested by August 19, 2022) | 3 weeks after final claim construction ruling (by District Court Judge) |
| Final Infringement Contentions Due | 5 weeks after final claim construction ruling (by District Court Judge) |
| Final Invalidity Contentions Due | 7 weeks after final claim construction |

| Event | Joint Proposed Date |
|---|---|
| | ruling (by District Court Judge) |
| Deadline for Close of Fact Discovery | 9 weeks after final claim construction ruling (by District Court Judge) |
| Deadline for Serving Initial Expert Reports on Issues for Which a Party Bears the Burden | 13 weeks after final claim construction ruling (by District Court Judge) |
| Deadline for Serving Rebuttal/Responsive Expert Reports | 17 weeks after final claim construction ruling (by District Court Judge) |
| Reply Expert Reports Due | 19 weeks after final claim construction ruling (by District Court Judge) |
| Expert Discovery Period Begins | 19 weeks after final claim construction ruling (by District Court Judge) |
| Expert Discovery Period Ends | 25 weeks after final claim construction ruling (by District Court Judge) |
| Deadline for Filing Dispositive Motions | 29 weeks after final claim construction ruling (by District Court Judge) |
| Plaintiff's Exhibit Lists with copies of exhibits to chambers | Pretrial and trial dates to be set at the Court's discretion |
| Plaintiff's Preliminary Witness List and Witness Statements | |
| Deadline for Responses to Dispositive Motions | |
| Defendant's Exhibit Lists with copies of exhibits to chambers | |
| Defendant's Preliminary Witness List and Witness Statements | |
| Parties' Deposition Designations | |
| Trial Memos | |
| Proposed Verdict Forms | |
| Proposed Jury Instructions | |
| Deadline for Replies to Dispositive Motions | |

| Event | Joint Proposed Date |
|---|---|
| Motions *in Limine* and Daubert Motions | |
| Objections to exhibits, witnesses, deposition designations, verdict form, and jury instructions | |
| Responses to Motions in Limine and Daubert Motions | |
| Responses to objections to exhibits, witnesses, deposition designations, verdict form, and jury instructions | |
| Parties' Final Witness Lists | |
| Deadline for L.R. 16-5 Joint Proposed Pretrial Order | |
| Pretrial Conference | |
| Trial Begins (3-5 Day Trial) | |

## B.    ADDITIONAL ISSUES

### 1.    STIPULATED APPLICATION OF ESTOPPEL

The parties stipulate and agree that, although 35 U.S.C. § 315 does not by its terms apply to Defendant, Defendant shall not assert invalidity in this action on the following grounds, which were presented and decided in the prior third-party IPR challenges to the asserted patents:

- Obviousness of U.S. Patent No. 9,763,851 based on the combination of Chinese Patent CN2153351Y, issued December 11, 1993 ("Guan") with US Patent No. 6,964,643, issued November 15, 2005 ("Hovland").

- Obviousness of U.S. Patent No. 9,763,851 based on the combination of Guan with Hovland and U.S. Patent No. 5,813,973, issued September 29, 1998 ("Gloth").

- Obviousness of U.S. Patent No. 9,763,851 based on the combination of Guan with Hovland and U.S. Patent No. 8,579,837, issued November 12, 2013 ("Makower").

- Anticipation of U.S. Patent No. 9,937,097 based on U.S. Patent No. 5,725,473, issued March 10, 1998 ("Taylor").

- Obviousness of U.S. Patent No. 9,937,097 based on the combination of Taylor with Hovland.

JOINT DISCOVERY PLAN                                                                              14

- Obviousness of U.S. Patent No. 9,937,097 based on the combination of Guan with Hovland and U.S. Patent No. 7,828,717, issued November 9, 2010 ("Lee")

- Anticipation of U.S. Patent No. 9,849,061 based on Taylor.

- Obviousness of U.S. Patent No. 9,849,061 based on the combination of Taylor with Hovland.

- Obviousness of U.S. Patent No. 9,849,061 based on the combination of Taylor with U.S. Patent Application publication US 2013/0261385, published Oct. 3, 2013 ("Zipper")

- Obviousness of U.S. Patent No. 9,849,061 based on the combination of Taylor with Hovland and Zipper.

The parties further stipulate and agree that Defendant is estopped from relying on physical product prior art, alone or in any of the stated combinations, that is merely a surrogate for, and disclose no more than, any of the patents or printed publications listed above.  Defendant is not, however, estopped from relying upon physical product prior art (alone or in combination with other references) if inspection or testing of the physical product discloses information pertinent to patent validity that is not disclosed by the above-listed prior art documents standing alone.

The parties further stipulate and agree that Defendant is not otherwise estopped from presenting other invalidity grounds, including based on combinations of one or more of the patents listed above with physical product prior art.

## VIII.    FED. R. CIV. P. 26(F)(3)(F) – OTHER ORDERS

At this time, other than the Protective Order discussed above, the Parties have not requested other orders that the Court should issue under Fed. R. Civ. P. 26(c), or under Fed. R. Civ. P. 16(b) and (c).

DATED: December 13, 2021.                    Respectfully submitted,

By:  *s/Scott E. Davis*
    Scott E. Davis, OSB No. 022883 (He / Him)
    scott.davis@klarquist.com
    KLARQUIST SPARKMAN, LLP
    121 S.W. Salmon St., Ste. 1600
    Portland, Oregon 97204
    Tel. 503-595-5300

    Tammy J. Terry, *pro hac vice* (She / Her)
    Terry@obwbip.com
    Peter C. Schechter, *pro hac vice* (He / Him)
    Schechter@obwbip.com
    Lisa Margonis, *pro hac vice* (She / Her)
    Margonis@obwbip.com
    Califf T. Cooper, *pro hac vice* (He / Him)
    Cooper@obwbip.com
    OSHA BERGMAN WATANABE & BURTON LLP
    909 Fannin Street, Suite 3500
    Houston, Texas 77010
    Tel. 713-228-8600

    *Attorneys for Plaintiff*
    NOVOLUTO GMBH

By:  *s/Nathan C. Brunette*
    Steven T. Lovett, OSB No. 910701
    steve.lovett@stoel.com
    Nathan C. Brunette, OSB No. 090913
    nathan.brunette@stoel.com
    STOEL RIVES LLP
    760 SW Ninth Avenue, Suite 3000
    Portland, Oregon 97205
    Tel: 503-224-3380

    *Attorneys for Defendant*
    UCCELLINI LLC d/b/a LORA DICARLO